STATE OF NORTH CAROLINA v. SCOTT ANDREW BOGIN

No. 8329SC519

(Filed 17 January 1984)

**Searches and Seizures §§ 14, 33— consent to enter home—seizure of marijuana in plain view**

Consent for officers to enter defendant's home was given freely and voluntarily where officers went to defendant's home with a warrant for the arrest of another person; defendant's father invited the officers into the home and told them he would show them where the arrestee was; defendant stated that she might be in his room and opened the door to his room; and when defendant opened the door, an officer smelled a warm, humid and woody odor and saw a bag of marijuana, growing marijuana plants, and drug paraphernalia in defendant's room. Therefore, the officers were in a place where they had a right to be when they observed the marijuana in plain view and lawfully seized it without a search warrant.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 17 November 1982 in Superior Court, HENDERSON County. Heard in the Court of Appeals 8 December 1983.

On 20 March 1982, Deputy Crowder of the Henderson County Sheriff's Department went to the home of Stella Ruff with a warrant for her arrest, which charged that she had failed to appear in court to answer a misdemeanor traffic charge. After twice failing to find Ms. Ruff at home, Deputy Crowder received information that she had gone to a nearby house, the home of defendant.

Deputy Crowder and another officer, Deputy Allen, went to the home of defendant and knocked on the door. When defendant's father answered the door, Deputy Crowder asked if Ms. Ruff was there and said that he had a warrant for Ms. Ruff's arrest. After some discussion about the arrest warrant for Ms. Ruff and about whether Stella Ruff was also known as "Sissy Ruff," defendant's father invited the officers to come into his home and said "something to the effect of 'Come on in, I'll show you where she's at.'" Upon entering the residence, the officers went with defendant's father into a hallway, where defendant was standing. Defendant volunteered that Ms. Ruff might have gone into his room. He then stepped to the doorway of his room and opened the door. When defendant opened the door, Officer Crowder, without entering, looked into the room to see if Ms. Ruff was

there. When the door was opened, Officer Crowder noticed that the room was warm and humid with a woody odor, and when he looked into the room, he saw, in plain view, what appeared to be a bag of marijuana, a number of marijuana plants, and drug paraphernalia. The room was lighted with extremely bright fluorescent lights in a "hothouse" frame in which there were plants growing. Deputy Crowder arrested defendant on charges of felonious possession and manufacture of marijuana. Deputy Allen found Ms. Ruff in another room at defendant's home. After her arrest, Ms. Ruff was released at the sheriff's office with leave to pay off the traffic ticket.

At defendant's trial, the trial judge denied defendant's motion to suppress evidence. The jury found defendant guilty of felonious possession and manufacture of marijuana. The trial judge sentenced defendant to two years imprisonment on each count, to run consecutively. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Walter M. Smith.*

*George Daly; Bennett and Lawson by Jean Lawson; and Stephen Franks, for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial judge's denial of defendant's motion to suppress evidence. He contends that the marijuana seized when the officers searched his home pursuant to an arrest warrant for Ms. Ruff should not have been introduced into evidence because it was the product of an illegal search and seizure. We do not agree. We find that there was competent evidence upon which the trial court could find that the officers obtained valid consent to enter defendant's home.

The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, prohibits entry into the home of a person not named in an arrest warrant to search for the person named in the warrant, absent consent or exigent circumstances. *Steagald v. United States*, 451 U.S. 204 (1981). Because there were no exigent circumstances in the present case, we focus on whether there was legally effective consent given to justify entry of the officers into defendant's

home on the strength of an arrest warrant for a person other than the defendant. The trial judge was required to determine whether, under the totality of the circumstances, the consent to enter defendant's home was freely and voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). Upon the *voir dire* to determine whether the consent to search was voluntarily given, the weight to be given the evidence is peculiarly a determination for the trial judge, and his findings are conclusive when supported by competent evidence. *State v. Long*, 293 N.C. 286, 294, 237 S.E. 2d 728, 733 (1977).

Deputy Crowder testified that defendant's father (at defendant's suggestion) invited the officers into the house and told them that he (defendant's father) would show them where Ms. Ruff was; that defendant said, "Maybe she's in my room" and opened the door to his room; and that when defendant opened the door, Deputy Crowder smelled the warm, humid, woody air and saw the marijuana and paraphernalia in plain view. There was competent evidence that the officers were in a place where they had a right to be when they observed marijuana that was in plain view. We hold that this is sufficient to support the trial judge's determination that the consent to enter defendant's home was voluntarily and freely given.

Contrary to defendant's assertions, this case is unlike *Bumper v. North Carolina*, 391 U.S. 543 (1968), where the United States Supreme Court found that there was no consent when admittance was preceded by an officer announcing that he had authority to search a home under a search warrant, a situation the court characterized as "instinct with coercion." 391 U.S. at 550. According to *Bumper*, mere "acquiescence to a claim of lawful authority" to search, nothing else appearing, is insufficient to justify a search. *Id.* at 549. Here, the officers announced their authority to *arrest*, not to search, and in a spirit of cooperation the defendant's father voluntarily invited the officers into his home and said he would show them where Ms. Ruff was. Further, the record is undisputed that defendant's room door was opened by him without any request or suggestion from the officers. This is clearly a factual situation beyond the mere "acquiescence to a claim of lawful authority" to search.

For the reasons stated, we find in the trial

No error.

Judges HEDRICK and BRASWELL concur.